King *v.* Duntz.

---

11  191
65h 139

11  191
84h 493

## KING and others *vs.* DUNTZ and others.

Under the revised statutes, as amended in 1844, there are three necessary prerequisites to a valid sale under a power contained in a mortgage. The notice of sale must be published for a specified time in a specified newspaper; a copy of such notice must be affixed in a specified place, a certain period before the time of sale ; and a copy must be served upon the mortgagor or his personal representatives, &c. at least fourteen days before the time of sale.

Where a mortgage is executed by husband and wife, and the wife survives her husband, she is entitled to notice of sale. And if notice is not served upon her, she is not barred by the sale; and the heirs at law of the husband may take the objection.

In case of the death of the mortgagor, notice of sale need not be served upon the *heirs.*

It is a general rule that a party coming into court to redeem is charged with the costs, though he succeeds in the action. But where the plaintiffs, before

King *v.* Duntz.

bringing their action, tendered the amount due upon the mortgage and any costs which had been incurred; *held* that neither party was entitled to costs, as against the other.

THIS action was brought by the plaintiffs, who are the widow and heirs at law of Andreas King deceased, for the redemption of mortgaged premises. On the 20th of September, 1841, Andreas King, together with his wife, executed a mortgage for $100 to one Silvernail, upon a piece of land which he then owned in Taghkanic, in the county of Columbia. He subsequently died, and, after his death the mortgage was assigned to the defendant Christina. R. Duntz. After she became the owner of the mortgage, the premises were sold under a statute foreclosure, and she became the purchaser. No copy of the notice of sale was served on the widow, nor upon any of the heirs at law of Andreas King. These facts were admitted upon the trial. The cause was tried at the Columbia circuit in January, 1851, without a jury.

*S. L. Magoon*, for the plaintiffs.

*K. Miller*, for the defendants.

HARRIS, J. Under the revised statutes, as amended in 1844, there are three necessary prerequisites to a valid sale under a power contained in a mortgage. The notice of sale, the contents of which are prescribed, must be published for a specified time in a specified newspaper. A copy of that notice must be affixed in a specified place, a certain period before the time of sale. And then, a copy of the same notice must be served upon *the mortgagor or his personal representatives*, and upon certain other persons, also specified, at least fourteen days before the time of sale. The statute declares that "every sale pursuant to a power as aforesaid and *conducted as herein prescribed*, made to a purchaser in good faith, shall be equivalent to a foreclosure and sale under the decree of a court of equity." Has the sale, by virtue of which the defendants claim to have acquired title to

the mortgaged premises, been *conducted in the manner prescribed by the statute?* The notice was properly published and a copy thereof affixed on the outward door of the court house, but a compliance with the third requisite seems to have been omitted. Andreas King, who executed the mortgage, was dead. Whether or not he had personal representatives does not appear. But whether he had or not, his widow was living, and she, having executed the mortgage, was a *mortgagor*, and entitled to notice. I am inclined to think the omission to serve a copy of the notice upon her was fatal to the validity of the sale. It may be, however, that the sale would be held to bar the equity of redemption of such parties as were, *in fact*, served with notice. Be this as it may, the surviving mortgagor, who has a right of dower in the premises, and who was not served with notice of the sale, is not barred.

I am inclined to think also that the heirs are entitled to redeem. It was contended on the argument that in order to bar their equity of redemption they should have been served with notice. I do not so construe the statute. The legislature did not intend to impose upon the party foreclosing a mortgage the necessity and hazard of ascertaining to whom, in case of the death of a mortgagor, the property to be sold had descended. The personal representatives, therefore, were substituted for the heirs. As it does not appear that there were any such representatives in this case, no objection can be predicated upon the want of such a notice. But there was a surviving mortgagor, and I think the heirs at law of the deceased mortgagor are entitled to take the objection that the requisite notice was not served on the survivor, as they undoubtedly might have objected, in case it had appeared that there was a personal representative who had not been served with notice.

I think the plaintiffs are entitled to the usual judgment for the redemption of the mortgage. (*See* 2 *Barb. Ch. Pr.* 199.) It is a general rule that a party coming into court for redemption is charged with the costs, though he succeeds in the action. But in this case the plaintiffs, before bringing their action, tendered the amount due upon the mortgage and any costs which

had been incurred by the defendants. Under these circumstances, I think it equitable to give neither party costs as against the other.

[COLUMBIA SPECIAL TERM, January 6, 1851. *Harris*, Justice.]