COLE *vs.* MOFFITT.

Upon the foreclosure of a mortgage by advertisement and sale under the statute, a copy of the notice of sale must be served upon the mortgagor, if he is living, or upon his personal representatives if dead; otherwise there can be no valid foreclosure.

If the party alleging the validity of the proceedings would show an excuse for not serving the mortgagor with notice, he must prove the death of the mortgagor, by legal evidence, and not by mere hearsay or reputation.

THIS action was brought to recover the possession of certain real estate situate in the town of Stephentown, in the county of Rensselaer. It was tried at the Rensselaer circuit, in February, 1853, before Mr. Justice PARKER. The plaintiff claimed title to the premises under a statute foreclosure of a mortgage executed by Israel A. Adams. Subsequent to the execution of the

Cole *v.* Moffitt.

mortgage, Adams had conveyed the premises to Ralph Moffitt, whose interest had been sold under a judgment against him and purchased by the defendant.

The plaintiff gave in evidence a notice of sale, in the usual form, stating that the premises would be sold by virtue of the power contained in the mortgage, at the court house in Troy, on the 2d day of November, 1850, and proved the publication of the notice in a newspaper, printed in the county, once a week for twelve weeks. Also that the original notice together with a notice of the postponement of the sale until the 30th of No- vember, 1850, which last notice bore date the first day of No- vember, 1850, was published in the same paper. Also, that the original notice and the notice of postponement, and a second notice stating that the sale had been postponed until the 22d day of March, 1851, which last notice bore date the 24th day of December, 1850, had been published "according to law up to the 22d of March, 1850."

The plaintiff also gave in evidence the affidavit of the attor- ney who conducted the proceedings upon the foreclosure, stating that, on the 24th day of December, 1850, he affixed a copy of the notice, and of the several notices of postponement, upon the outer door of the court house. Also, another affidavit of the attorney stating the facts attending the sale, from which it appeared that the premises were sold on the 22d day of March, 1851, and that Charles Cole became the purchaser. Also, another affidavit of the attorney, showing the service of a copy of the original no- tice, and the several notices of postponement, upon the de- fendant, by mailing the same on the first day of February, 1851.

There was no proof of the service of any notice upon Adams, the mortgagor. The attorney testified that he made inquiries for him, and was informed by several persons in Stephentown that he had gone to Illinois, and had died there ; that he thought he had inquired of George W. Glass and Dwight Platt, but was not positive that he had inquired of either. The counsel for the defendant objected to the proof of the death of Adams by hear- say, and also to the proof of such death in the manner the plaintiff

---

Cole *v.* Moffitt.

---

was seeking to prove it. The objection was overruled, and the defendant's counsel excepted. The testimony being closed, the court decided that the plaintiff was entitled to recover, and the defendant excepted. Judgment having been entered upon the decision, the defendant appealed to the general term.

*M. I. Townsend,* for the plaintiff.

*J. H. Reynolds,* for the defendant.

*By the Court,* HARRIS, J. The original notice of sale was entirely ineffectual for any purpose connected with the foreclosure. It may be, that the republication of the notice with the several notices of postponement, for twelve weeks preceding the day of sale, would be a sufficient compliance with the requirement of the statute. I am inclined to think it would. Disregarding all that had been done prior to the 24th of December, and regarding the notice, as it was then published, as the commencement of the proceedings, I think enough may be found in that notice, however awkward and unseemly it may appear, to meet the requirements of the statute. This notice, too, was affixed upon the outward door of the court house, and thus another requirement of the statute was met.

But, even if the notice as published on and after the 24th of December, and the affixing of a copy of this notice in the manner specified, were sufficient, there is still another ingredient in a valid statute foreclosure which is not to be found in these proceedings. There was no attempt to serve a copy of the notice upon the mortgagor. Without such service, in the manner prescribed by the legislature, if he was living, there could be no valid foreclosure. (*See Van Slyke* v. *Shelden,* 9 *Barb.* 278. *King* v. *Duntz,* 11 *Barb.* 191.) The plaintiff sought to obviate this objection by proving that the attorney who conducted the proceedings had made inquiries for the mortgagor, and had been informed that he was dead. If the death of the mortgagor had been proved, the objection to the validity of the proceedings would have been removed, unless it had further appeared that

he had personal representatives. But there was, in fact, no evidence at all of the death of the mortgagor. Even if it had been competent to prove such death by reputation, the inquiries and information of which the attorney speaks, furnish no evidence of such reputation. But, in this case, it was not competent to prove such death by hearsay. There were no circumstances to render such secondary evidence admissible. The death of the mortgagor, if the party alleging the validity of the proceedings would show an excuse for not serving him with notice, should have been proved by legal evidence of the fact, and not by mere hearsay or reputation. (*Fosgate* v. *Herkimer Man. & Hydraulic Co.* 12 *Barb.* 352.) If upon a new trial the plaintiff should be able to establish this fact, and there were no personal representatives of the mortgagor upon whom the notice could have been served, he may yet succeed in the action; but the judgment must be reversed and a new trial granted, with costs to abide the event.

[ALBANY GENERAL TERM, September 4, 1854. *Wright, Harris* and *Watson,* Justices.]