## HICKOK and STARR *vs.* BLISS and CAMPBELL.

A temporary absence from the state, without a change of residence, is not the exception contained in the statute of limitations, and does not prevent the running of the statute during such absence.

Where a referee finds that the defendant was absent from the state by *various journeys*, at least one year in the aggregate, during the six years, this is not such a finding of absence as will warrant a judgment against the defendant, who has pleaded the statute of limitations.

APPEAL by the defendant Bliss from a judgment entered upon the report of a referee. The action was brought

for the recovery of the amount due on two promissory notes with interest, made by the defendants by the firm name of Campbell & Bliss—one of the notes being for $673.50, due on the 13th day of May, 1852, the other for 398.75, due on the 6th day of June, 1852—and was commenced on the 1st day of February, 1859, by the service of a summons and complaint on the defendant Bliss. The referee found the following facts, viz : That in the month of February, 1852, the defendant Bliss went to San Francisco, in the state of California, and was continually absent from the state of New York until the 6th day of October, 1852, when he returned to the city of New York. That said defendant has ever since said 6th day of October, 1852, been a resident of the state of New York, but has been absent from said state of New York at least one year in the aggregate, by various journeys to the western states, during the years 1853 to 1858. That in September and October, 1851, the defendant Campbell was a minor, under the age of 21 years. That the firm of Campbell & Bliss failed in business in October, 1851, and from that time to October, 1853, the defendant Campbell was insolvent, and a resident of this state. As conclusions of law, the referee found and reported that the plaintiffs were entitled to judgment against the defendant for the sum of $1575.58, the amount of said notes, with interest thereon from their maturity to the date of the report, besides costs ; so far only as that such judgment might be enforced against the joint property of both defendants, and the separate property of the defendant William H. Bliss.

*Richard O'Gorman,* for the appellant.

*Barrett & Brinsmade,* for the respondent.

By THE COURT. Continued residence here for six years is a bar, under the statute of limitations. Temporary absence from the state, without a change of residence, is not the ex-

.ception contained in the statute, and does not prevent the running of the statute during such absence.

The finding of the referee that the defendant was absent from the state by *various journeys* during six years, at least one year, in the aggregate, is not a sufficient finding of absence to warrant the judgment against the defendant.

Judgment reversed, and new trial ordered; costs to abide the event.

[NEW YORK GENERAL TERM, May 6, 1861. *Clerke, Gould* and *Ingraham,* Justices.]