## Jonathan Smith v. Josephine Graham and another.

*Mortgages: Subsequent purchaser: Recognition of the mortgage: Estoppel.*
One who has bought lands subject to a mortgage and has subsequently expressly recognized it by an agreement with the mortgagee for forbearance is not at liberty thereafter to dispute its existence or validity.

*Mortgages: Agreement to pay increased rate of interest: Charge upon the land: Statute of frauds.* An agreement in writing between a subsequent purchaser of mortgaged lands and the mortgagee, for the payment of an increased rate of interest after due, in consideration of an extension of time, is held sufficient under the statute of frauds to charge the land, where no rights of third persons intervene.

*Heard June 8.        Decided June 20.*

Error to Oakland Circuit.

*C. & W. N. Draper,* for complainant.

*J. L. Topping,* for defendants.

CAMPBELL, J:

This was a bill to foreclose a mortgage made by Josephine Graham to the complainant. The defendant Wixom purchased the land subject to the mortgage, and agreed in writing to pay to Smith ten per cent. interest, instead of seven, after payments became due. The decree below allowed this ten per cent. against the land, as well as against Wixom.

The grounds of defense against the mortgage itself appear to us to be frivolous. Not only is the mortgage shown to be genuine, but Wixom bought subject to it and expressly recognized it by an agreement with the complainant for forbearance. That agreement referred to it as a mortgage made by Mrs. Graham and her husband, but the mortgage was otherwise identified, and there can be no doubt of its existence or validity.

Whether the agreement to pay ten per cent. for forbear-

ance attached to the land, is the only real question in the cause. In *Spear v. Hadden, 31 Mich. R., 265*, it was held that an agreement by a subsequent purchaser endorsed upon a note did not attach to the land in the hands of persons thereafter purchasing, nor did it, as there made, against any one.

But in the present case Wixom made an agreement in writing in the following terms:

"SPRINGFIELD, May 26, 1873.

"This is to certify that I, Isaac Wixom, agreed to pay Jonathan Smith ten per cent. interest on all sums, interest and principal, after the payments become due, on a certain mortgage given by Josephine Graham and William Graham to Jonathan Smith, and recorded in Liber 64, pages 146 and 147, the first day of December, 1871, at 12 o'clock. The said land covered by said mortgage is now owned by said Wixom.

"(Signed) ISAAC WIXOM."

It seems to us evident that this instrument was designed to connect the agreement with the mortgage. If so, it was sufficient under the statute of frauds to charge the lands, inasmuch as Wixom owned it and there were no third parties concerned whose rights would be beyond the operation of such an agreement.

This being the case, the principle of *Spear v. Hadden* does not apply, and the decree was correctly framed in allowing the ten per cent. rate of interest stipulated.

The decree must be affirmed, with costs.

The other Justices concurred.