CLAYTON BELKNAP, Respondent, *against* DANIEL E. SICKLES, Appellant.

(Decided June 4th, 1877.)

Under § 100 of the (old) Code of Procedure, as amended in 1851 (and before the amendment of 1867), both departure from and residence out of the State were necessary to suspend the running of the statutes of limitations.

The amendment of 1867 (L. 1867, c. 781) creating an additional exception, where a party should remain continuously absent from the State for one year or more, was not retrospective, and did not operate to revive claims which, under the statute as it stood previous thereto, were then already barred.

Where, therefore, a complaint, anticipating the defense of the statute of limitations, alleged the defendant's departure from and residence out of this State for certain years prior to 1867, and the defendant answered that during those years he had resided in this State, and had not been absent from it except for limited periods ; *Held*, that the defendant should not be compelled to make his answer more definite and certain by stating the time of such absences and for what periods they continued.

APPEAL by the defendant from an order of this court, made at special term by Judge JOSEPH F. DALY, granting a motion

that the defendant make his answer more definite and certain.

The complaint, after alleging loans of money to the defendant made in 1861, alleged that " thereafter, and until the 1st day of July, 1869, the defendant departed from and resided out of the State of New York and the jurisdiction of the courts of this State, not less than five years, taking said absences collectively. That from the 1st day of July, 1869, to the time of the commencement of this action, said defendant, Sickles, departed from and remained continuously absent from this State, for the space of one year or more at a time; said absences taken together aggregating six years or more."

That said Sickles was, up to about July 1st, 1869, in active service in the United States army, and spent most of his time in Washington and in the Southern States, and after the 1st of July, 1869, was United States Minister to the Court of Madrid, or resided in England or France, or some, where on the continent, except two short visits to this country."

The answer of the defendant denied the allegations of the complaint except " as admitted, avoided, modified or explained," and set up as a defense that the causes of action did not accrue within six years next before the commencement of the action ; the answer further alleged as follows, viz.: " Fourth: that he, the said defendant, is a native born citizen and resident of the city of New York, and since the alleged advances by the said A. A. Belknap, and the supposed promises and undertakings in the said complaint mentioned, has continually and uninterruptedly been a citizen and resident of the city and State of New York, and has never been absent from the said State, except for limited periods, and then only in the public service."

The order required the defendant to make the fourth subdivision of his answer more definite and certain, by stating the time of his absences from the State of New York, from July 1st, 1861, to December 1st, 1876, and for what periods they continued.

*Elias J. Beach*, for appellant.

*Lewis Sanders*, for respondent.

ROBINSON, J.—This action was brought in the latter part of December, 1876, or beginning of 1877, upon three several claims for money alleged to have been loaned the defendant in June and July, 1871, by one A. A. Belknap, and "repayable immediately," of which plaintiff alleges he is assignee. With a view to forestall the defense of the statute of limitation, plaintiff alleges that after the causes of action had accrued, the defendant thereafter, and until the 1st day of July, 1869, departed from and resided out of the State of New York and the jurisdiction of the courts of this State not less than five years, taking such absences collectively; that from the first day of July, 1869, to the time of the commencement of the action, the defendant departed from and remained continuously absent from the State for the space of one year or more at a time, said absences taken together aggregating six years or more; that up to about July 1st, 1869, he was in active service in the army of the United States, and spent most of his time in Washington and in the Southern States, and after the first of July, 1869, was United States Minister to the Court of Madrid, or resided in England or France, or somewhere on the continent, except two short visits to this country.

The defendant, in the fourth subdivision of his answer, asserts he has, since the alleged advance of money by said Belknap, continually and uninterruptedly been a citizen and resident of the city and State of New York, and has never been absent from the said State except for limited periods, and then only in the public service.

The order appealed from requires him to "make the fourth subdivision of his answer more definite and certain, by stating the time of his absences from the State of New York from July 1st, 1869, to December 1st, 1876, and for what periods they continued."

This is erroneous. The causes of action, as stated severally, accrued on or prior to July 10, 1861, under the provisions of

the Code as it then existed by the amendment of 1851. The requirement that an action in contract should be brought within six years after the right accrued was qualified by the 100th section, that if the debtor " shall depart from and reside out of the State, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of the action." Both departure *and* residence out of the State were necessary to satisfy this exception. (*Hickok* v. *Bliss*, 34 Barb. 321; *Wheeler* v. *Webster*, 1 E. D. Smith, 1.) And the amendment to said § 100 in 1867 (L. 1867, ch. 781, p. 1921) creating an additional exception, where a party defendant should remain " continuously absent therefrom for the space of one year or more," had no retroactive effect upon those causes of action which, under existing laws, would all have (except for departure from and residence out of the State) expired on the 11th of July, 1867. The amendment of 1867 indicated no intention that such mere absences from the State of "one year or more," should apply to causes of action that had previously accrued. (*Stone* v. *Flower*, 47 N. Y. 566.) But the complaint making averments of a departure and residence out of the State prior to July 1st, 1869, " of not less than five years," left the claim as asserted only liable to such continuous absences from the State for the space of " one year or more," occurring during succeeding years, so that the further period of five years necessary to satisfy the exception to the statute of limitation had not transpired. To render such exception to the operation of the statute available after July 1st, 1869, after which such absences are alleged to have occurred, it should further be made to appear that they were continuous " for the space of one year or more." The aggregate of *such successive absences* may be deducted from the time in which the statute runs. (*Cole* v. *Jessup*, 10 N. Y. 96.)

In view of these considerations, the order appealed from was improvident in requiring, first, any statement of the times of defendant's absences from the State from the 1st of July, 1861, to July 1st, 1869, during which period it was alleged he had departed from *and* resided out of the jurisdiction of

Belknap v. Sickles.

the court, since an answer of mere *absences* from the State
during any part of that period was wholly irrelevant and ir-
responsive; second, any statement of any absences from this
State for any subsequent period, or for any such subsequent
period whatever, which were not continuous "for the space
of one year or more" at a time; third, the allegations of
the complaint were denied, except as thereafter "*admitted
and avoided*, modified or explained." His allegation is that
he has continuously and uninterruptedly been a citizen and
resident of the State, and that his absences have been for
limited periods, and in the public service. As matter of
pleading, whatever is alleged and is not controverted or denied
by answer or reply, is to be taken as true (Code, § 168). The
allegation as to continuous absences from the State after
July 1st, 1869, for one year or more at a time, aggregating six
years or more, which is denied, as qualified by the assertion
that he (defendant) has never been absent from the State
except for limited periods, and only in the public service,
may well, from its indefiniteness, be deemed a matter which
the court may require to be made more definite and certain.
The question is not as to what may have been his public
office or the character of his absence, for notwithstanding
his having been a citizen and resident of the State, if he has
been *continuously absent* from the State for one year or more
at any one time, such absence is not to be taken into account
in the computation of time running from the accruing of the
debt. The utmost, therefore, that was within the province
of the judge granting the order was, to direct the defendant,
as matter of pleading, definitely and certainly to state, in re-
sponse to the allegations of the complaint, "at what times,
since July 1st, 1869, he had been for any one time con-
tinuously absent from the State for one year or more." The
order appealed from, except as thus modified and limited, is
reversed without costs, except as to disbursements, which are
to abide the event.

CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred.

Ordered accordingly.