MARGARET VAN SCHAACK, APPELLANT, *v.* JAMES SAUNDERS, RESPONDENT, IMPLEADED, ETC.

*Statutory foreclosure — the personal representatives of a deceased mortgagor must be served with notice — 3 R. S. (5th ed.), 860.*

In January, 1880, statutory proceedings were commenced to foreclose a mortgage given by Stephen Post and Abigail E. Post on certain lands, and on April tenth the premises therein described were sold to one Saunders. Stephen Post had died in June, 1879, leaving a will, which was admitted to probate June 23, 1879, by which he appointed executors, neither of whom ever qualified or took out letters. Abigail died in the following September intestate, and no letters of administration were ever issued upon her estate. Notices of the foreclosure proceedings were given to the heirs-at-law of Stephen and Abigail Post.

*Held,* that the sale was void for the reason that no notice had been served upon the "personal representatives" of the mortgagors as required by the statute. (3 R. S. [5th ed.], § 3, sub. 3, p. 860.) (BOARDMAN, J., dissenting.)

*It seems,* that a service upon the persons named in the will as executors would be sufficient, although letters testamentary had not been issued to them. (Per LEARNED, P. J.)

*It seems,* that where the mortgaged premises have been devised by the testator the service of a notice upon the devisee would render the foreclosure binding and effectual as to him. (Per BOARDMAN, J.)

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury.

The action was brought for the partition of certain premises.

On and prior to the 19th day of April, 1875, Stephen Post and Abigail, his wife, owned the two parcels of land described in the complaint, one parcel being owned by the husband and the other by the wife. These parcels of land were adjacent to each other, and were occupied by said Post and his wife Abigail as one parcel of land. On the 19th day of April, 1875, the said Stephen and Abigail Post duly executed a mortgage covering the whole of the said premises to one Winslow Case to secure the payment of $300 and interest, which mortgage was recorded in the clerk's office of Greene county May 29, 1875.

Stephen Post died at Catskill, Greene county, June 1, 1879, leaving a last will and testament, in which he appointed executors. The will was duly admitted to probate and recorded as a will of real estate in the office of the Greene county surrogate on the 23d day of June, 1879, but neither of the persons therein named as executors accepted said trust or qualified as such, and no letters of administration with the will annexed were granted prior to the sale of the said premises under the aforesaid mortgage. By the will the premises in question were devised, subject to a condition, to Sarah E. Post. Stephen Post's wife Abigail died at Catskill, Greene county, in the month of September, 1879, intestate, and no letters of administration were issued. The plaintiff and three sisters, Sarah E. Post, Catharine Robbins and Charlotte J. McCrady, were the only surviving children and heirs-at-law of Stephen Post and wife. Default having been made in the payment of the mortgage executed by Stephen and Abigail Post, proceedings for the foreclosure of the same were instituted by the mortgagee on the 10th day of January, 1880, by advertisement, pursuant to the statute, which proceedings were duly continued and resulted in a sale of the premises described in the mortgage on the 16th day of April, 1880, at Coxsackie, Greene county, at which time and place the defendant Saunders became the purchaser at the sum of $426. Prior to the sale and on the 25th day of February, 1880, said plaintiff and the other heirs-at-law of Stephen and Abigail Post, and the judgment creditor Stephen E. Calkins, were each and every of them duly and legally served by mail with notice of said foreclosure proceedings.

The cause was tried before the court without a jury; the court

decided that at the time of the commencement of this action the defendant Saunders was the sole owner of the premises described in the complaint, and that the plaintiff had no right, title or interest therein; it also directed a dismissal of the complaint upon the merits.

*N. A. Calkins,* for the appellant.

*E. Raymond,* for the respondent.

BOOKES, J.:

This is an appeal by the plaintiff from a judgment dismissing the complaint as to the defendant Saunders.

The action was partition. The plaintiff claimed title to an undivided part of the premises as heir-at-law of Stephen Post and Abigail E. Post, the former of whom died June, 1879, and the latter in September of the same year.

The defendant Saunders claimed title as sole owner of the entire estate, as purchaser on a statutory foreclosure of a mortgage made by Stephen and Abigail E. Post. The foreclosure proceeding was commenced in January, 1880, and resulted in a sale to Saunders April tenth next following. Saunders' defense prevailed and the complaint was dismissed. The question now raised is as to the validity of the foreclosure proceeding, it being insisted that the foreclosure was void because no service of the notice of sale was made, as the statute requires, " on the personal representatives of the mortgagors."

In answer to this alleged ground of error, it is first suggested that this question is not presented on this appeal. We conclude otherwise. True, no case was made containing the evidence and giving the proceedings on the trial. But we have before us the pleadings, findings of fact and of law by the judge before whom the case was tried without a jury, the judgment and exceptions to the first and second conclusions of law. Now, Saunders, in his answer, while he sets up as his defense his purchase at the foreclosure sale, states in substance that there were no personal representatives of the mortgagors on whom service of the notice of sale was, or could be, made (fol. 28), and so the judge states in his findings (fol. 35). The facts on which the alleged error is based do, therefore, appear on the record brought up by the appeal.

Then, did the learned judge decide correctly in holding that the mortgage foreclosure was valid and effectual to pass title to the purchaser; no service of the notice of sale having been made, as there could be none on the personal representatives of the deceased mortgagors? This holding of the learned judge is supported by the decision in *Anderson* v. *Austin* (34 Barb., 319). (See, also, *King* v. *Duntz*, 11 Barb., 191, and *Cole* v. *Moffitt*, 20 id., 19.) In *Mackenzie* v. *Alster* (64 How., 388; Same Case, 12 Abb. N. C., 110), the decision in *Anderson* v. *Austin* was pronounced unsound. The decision in *Mackenzie* v. *Alster* was at Special Term, but the question was fully considered by Judge GILBERT, both on principle and authority, and his opinion seems absolutely conclusive of it. The learned judge remarks that "the court has no power to dispense with a positive provision of the statute. If it can with one, it may with all. If the death of the mortgagor and the non-appointment of an administrator renders the service of a notice of sale unnecessary, the non-existence of a newspaper in the county would render unnecessary the publication of an advertisement of sale. Thus the provisions of the statute might be frittered away." This case is like that spoken of by Judge FOLGER in *Matter of Second Avenue M. C.* (66 N. Y., 395–8), where he says: "It is a power given, with a proviso annexed. The demand of the proviso must be answered as a prerequisite to a legitimate exercise of the power." The construction of the statute given in *Mackenzie* v. *Alster* does not, by any means, render a foreclosure impossible. (See remarks of GILBERT, J.) But if it did so operate, the prerequisite to the exercise of the power of sale declared by the statute would remain. If it could not be complied with, the statute would simply fail of its purpose, a circumstance not infrequent. The following cases also have bearing on the subject: *Shillaber* v. *Robinson* (97 U. S. R. [7 Otto], 68); *Mowry* v. *Sanborn* (68 N. Y., 153); *Lawrence* v. *Farmers' L. & T. Company* (13 id., 211); *Cohoes Insurance Company* v. *Goss* (13 Barb., 137); *Bryan* v. *Butts* (27 id., 503). We are satisfied with the decision in *Mackenzie* v. *Alster*; therefore accept it as sound and follow it.

If it be suggested that, as to one of the mortgagors, Stephen Post, there were persons named in his will as executors, this will not help the case as to the other mortgagor, who, though the wife

of Stephen, was sole owner or owner in her own right of a portion of the mortgaged premises; nor will that fact help the case as to Stephen, for there could be no personal representatives of a testator until an executor of his will was duly appointed; nor will service of notice on the heirs-at-law of the mortgagor at all answer the requirement of the statute as to service on the personal representatives of the latter. (*King* v. *Duntz*, 11 Barb., 191.)

The insuperable difficulty which exists in the case is because of the express provision of the statute which declares what must be done to effect a valid statutory foreclosure. This mode of procedure is given by the statute, and can only be effectual on an observance of the statutory requirements. If those prerequisites cannot be complied with, the right to that form of procedure does not exist, and the party is left to his foreclosure by action in equity. (See remarks of BOARDMAN, J., in *Northrup* v. *Wheeler*, 43 How., 123.)

The question, who are necessary or proper parties defendant to a suit in equity for foreclosure has no pertinency here.

A foreclosure, however, to be of any avail, should be one which would bar a right of redemption by those having an interest in the mortgaged premises. Suppose a case of infant heirs-at-law of a deceased mortgagor, would service of notice of sale on them be of any avail to bar their right of redemption? Certainly not, unless service was made on the personal representatives of the deceased mortgagor, in which case the statute steps in and declares such service good to bar the infant's rights.

It is suggested that the cases cited in Barbour's Reports are of long standing, hence should be followed right or wrong. But they have not stood unquestioned (*Mackenzie* v. *Alston*), nor has the Court of Appeals ever given those decisions approval; and it seems that they are in conflict with well settled rules of construction heretofore applied to other kindred cases from time immemorial. It is an axiom in law that a statutory right can only be secured by an observance of the conditions and prerequisites on which such right is made to depend. As the case is here made, the foreclosure relied upon by the defendant was ineffectual to pass title.

The judgment should be reversed, costs to abide the event.

LEARNED, P. J. :

I am not willing to hold that where there are no personal representatives of a deceased mortgagor, there can be no statutory foreclosure. To the contrary are *Anderson* v. *Austin* (34 Barb., 319); *King* v. *Duntz* (11 id., 191), and *Cole* v. *Moffitt* (20 id., 19); the first of these and the last being decisions at General Term, one of which has stood on the books for more than twenty years.

The so called foreclosure, by advertisement, is only the exercise of a power given in the mortgage. (1 R. S., 737, § 133; 2 R. S., 545, § 1.) And if the mortgagor or those interested in the estate, neglect to name personal representatives, or to have them appointed, this is not the fault of the mortgagee. In fact it is held that, in an action of foreclosure, the personal representatives are not *necessary parties.* (*Leonard* v. *Morris*, 9 Paige, 90; 2 Barb. Ch. Prac. [2d ed.], 176, and case cited in note 10.)

But I think that it appears in this present case that there were personal representatives of Stephen Post. It is stated that he executed a will and appointed executors. True they did not take out letters testamentary, but yet we cannot say that they were not his personal representatives. The statute does not take away all power from executors before the issue of letters testamentary. (2 R. S., m. p. 71, § 16.) The authority of the executors comes from the will. (1 William's Exrs., 293; *Hartnett* v. *Wandell*, 60 N. Y., 349.) And the executor may do many things before letters are issued. (1 William's Exrs., 303.) He has a right to have letters issued to him until he has renounced, or in some other way been deprived of his right. On the other hand, where there are no executors, there can be no personal representatives, until the issue of letters of administration.

Therefore, I think that the executors of Stephen Post should have been served with notice of the foreclosure. They had been named by him as his personal representatives.

For this reason I concur in the result.

BOARDMAN, J. :

I concur in yielding to the earlier cases (11, 20 and 34 Barb.) cited above, one of which is a General Term decision, rather than a later Special Term decision, however well considered.

Of the executors named in Stephen Post's will one, Abigail Post, is dead, as the court finds. Whether the other is dead or living does not appear. Nor does it appear that either of them ever in any manner accepted the trust or attempted to discharge any duty under the will. I do not think they ever became, under the law, personal representatives of Stephen Post. If so, they were as much so without the will being proved or admitted to probate. So a foreclosure by advertisement, in ignorance of the existence of a will or of the executors therein named, would always be fatal to a sale when discovered.

It is found that Sarah E. Post, defendant, was the devisee (under some unknown conditions expressed in the will which is not in the case) of her father's land. Had there been executors or administrators a service of the notice upon them and a subsequent valid sale would have cut off her title as devisee under her father's will. (Code, § 2395.) Why, as devisee, personally served with notice of the foreclosure, is she not as effectually cut off? Why, as to her title as devisee, is she not the personal representative of her father? I shall not attempt to answer these questions, but leave them for consideration (if entitled to any) upon the new trial which my brethren think a necessity. I cannot concur in such necessity.

Judgment reversed, new trial granted, costs to abide event.