HARRIET T. STANLEY AND OTHERS, PLAINTIFFS, *v.* JOHN WILLIAM FRECKELTON, DEFENDANT.

*Foreclosure by advertisement — service upon the personal representatives of the mortgagor — unnecessary where none exist.*

Samuel B. Wilmott, who had mortgaged certain premises in 1855, died in 1861 leaving a will by which he devised the mortgaged premises to his two executors, with directions to sell them and distribute the proceeds. Only one executor qualified, and he died in 1862 without having exercised the power of sale. In 1869 the mortgage was foreclosed by advertisement under the statute, as amended by chapter 346 of the Laws of 1844, which required that the notice of sale be served upon the personal representatives of the mortgagor. No administrator, with the will annexed, of Wilmott was appointed.

In an action brought to determine whether the title acquired under the statutory foreclosure was merchantable:

*Held,* that it was not the duty of the mortgagee to have a personal representative of Wilmott appointed; and as none such existed the foreclosure was good, the requirements of the statute having been strictly observed.

SUBMISSION of a controversy between Harriet T. Stanley, Julia H. Stanley and Macy O. Woodruff, as plaintiffs, and John William Freckelton, as defendant, without action, upon an agreed statement of facts.

The question presented was as to the obligation of the defendant to complete a contract for the purchase by him of certain premises, the title to which was claimed by him to be unmarketable. The premises were originally owned by Samuel D. Wilmott, who executed a mortgage of them to Lawrence Seaman, Jr., and thereafter died leaving no widow, and leaving an only son, who was of full age. Wilmott left a will by which he devised the premises in question to his executors, only one of whom qualified, who died in 1862. The mortgage was foreclosed by advertisement under the statute in 1869, at which time there was no personal representative of Samuel D. Wilmott living, and no subsequent grantees and mortgagees of the mortgaged premises, and no notice of the mortgage foreclosure was served upon anyone.

*A. Edward Woodruff*, for the plaintiffs.

*Chas. F. Moody*, for the defendant.

BARNARD, P. J.:

The title to the property in question was in Samuel B. Wilmott. In April, 1855, Wilmott executed a mortgage thereon to Lawrence Seaman, Jr. The mortgage contained the power of sale. Isaac Willetts purchased the mortgage in March, 1869. In April, 1869, Willetts commenced a foreclosure by advertisement under the Revised Statutes. (2 R. S., 545, as amended by chapter 346, Laws of 1844.) Wilmott died in 1861, leaving a will and devising his lands to his executor to sell and distribute the proceeds of sale among the children of testator's brother. One of the executors only qualified, and he died in 1862, and no administrator with the will annexed was ever appointed. Wilmott left one child only, a son of full age. By the amendment of 1844, in case of the death of the mortgagor, the notice of sale was required to be served on the personal representatives. The sale of the mortgaged lands was made without the service of such notice, and the plaintiff's predecessor in title obtained a deed in July, 1869, under the sale. The plaintiff and his grantors have been in possession claiming title since that time. The defendant agreed to buy the same and the question is whether the title is a merchantable one. There are two General Term decisions bearing upon the question.

*Anderson* v. *Austin* (34 Barb., 319) holds that where there was no executor or administrator the foreclosure was good if conducted in the mode otherwise prescribed by statute. The point was directly involved, for the judge (EMOTT) held at circuit that the rights of all parties were cut off.

*King* v. *Duntz* (11 Barb., 191) and *Cole* v. *Moffitt* (20 Barb., 18) seem to support this view of the statute. The case of *Bond* v. *Bond* (51 Hun, 507) upholds the same view. Notice of sale in this case was served on certain persons other than the personal representative of a deceased mortgagor, and the sale was held good as to this person. The statute as to foreclosure by advertisement was fully observed, and it was not the fault of the mortgagee if those interested in the estate did not have personal representatives appointed to succeed the deceased executor. The judgment should, therefore, be that the defendant takes the title.

DYKMAN, J., concurred.

Judgment upon submitted case that the defendant takes the title.