William A. Pitt, Plaintiff, v. Arthur H. Amend, Defendant.

*Sale under a foreclosure by advertisement — no personal representatives of the deceased mortgagor.*

Upon the foreclosure of a mortgage by advertisement in 1866 there were no personal representatives of the deceased mortgagor upon whom could be served the statutory notice, and nothing was brought before the court showing any outstanding equity in the estate or in the heirs of such deceased, whose husband and co-mortgagor was served with such notice; all the other proceedings in the foreclosure were regular.

*Held,* that the sale under the foreclosure would not be disturbed.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*McGuire, Low & Coombs,* for the plaintiff.

*Joseph H. Delaney,* for the defendant.

PRATT, J.:

Foreclosure by advertisement in which the defendant purchaser refused title *solely* because of the alleged defect in the foreclosure in not giving notice of the sale to the " personal representatives " of the deceased mortgagor required by the statute (Chap. 346, Laws 1844).

The case as agreed upon shows that the mortgage was made by Patrick Connell and Mary Daly Connell, his wife, and that the notice of sale was served on Patrick Connell, but that Mary Daly Connell had died before the foreclosure, intestate. Whatever rights in the mortgaged premises Mary Daly Connell died seized and possessed of, passed to her heirs at law, and not to her personal representatives. No administration was ever had upon her estate, and there is nothing to show who her heirs were. In *Low* v. *Purdy* (2 Lans. 424) notice had been served upon the heirs, but not upon the personal representatives, and it was there held that such service was a nullity, and that " heirs " and " personal representatives " are two separate and distinct classes of persons, and that the statute prescribes service upon the personal representatives and not the heirs.

It would appear, then, that there were no personal representatives of Mary Daly Connell to serve with notice; her husband and co-mortgagor was served and all the other proceedings are confessedly regular.

The foreclosure was in 1866, and there is nothing before the court showing any outstanding equity in the estate or in the heirs of Mary Daly Connell to warrant disturbing the sale under this foreclosure after so many years. (*Anderson* v. *Austin,* 34 Barb. 321 ; *Cole* v. *Moffitt,* 20 id. 18 ; *Hubbell* v. *Sibley,* 5 Lans. 51 ; *King* v. *Duntz,* 11 Barb. 191.)

The judgment should be for plaintiff.

DYKMAN, J., concurred.

Judgment for plaintiff on submitted case.