CHARLES KELLOGG, as Executor of the Last Will and Testament of JOHN NOON, Deceased, Plaintiff, v. GEORGE H. DENNIS and JANE DENNIS, his Wife, Defendants.

(County Court, Madison County, May, 1902.)

**Foreclosure by advertisement — Void because the owner of the equity of redemption was not a party defendant — The purchaser at a sale acquires the mortgage interest — Covenants of title are subject to a particular recital.**

In an action for the statutory foreclosure of a mortgage by advertisement, to which the then owner of the equity of redemption is not made a party and which is consequently void, a sale operates to transfer to the purchaser the title to the mortgage interest.

Where a *mesne* transferee, from the purchaser at such foreclosure sale, has previously conveyed the equity of redemption by a deed, with covenants for quiet and peaceable possession, reciting that "nothing herein shall prevent the party of the second part from buying the mortgage which is a lien upon the premises hereby conveyed, and holding the same in all respects as if this conveyance had not been made," he is not estopped by the covenants in his deed from subsequently bringing an action to foreclose the mortgage lien on the premises thus conveyed by him.

ON March 10, 1886, John Noon executed to Nicholas Greminger the real estate mortgage described in the complaint, covering

lands situated in Madison county, to secure an indebtedness then due, which mortgage contained a covenant on the part of the mortgagor to pay such indebtedness.

On January 28, 1889, the mortgagee assigned such mortgage to James Noon, and on July 23, 1890, James Noon assigned the same to Ann Noon, the wife of the mortgagor.

On September 5, 1890, Ann Noon, as assignee, instituted proceedings under title 9 of chapter 17 of the Code of Civil Proceedure, for the foreclosure of such mortgage; and on the 20th day of October, 1890, pursuant to the notice of foreclosure, the said premises were sold, and Elgin D. Walrath, for the benefit of said Ann Noon, bid off the premises; but he never paid the purchase price.

The notice of foreclosure and sale was not served on Annie Walsh, who at the time was the owner of the equity of redemption in said premises, and she was not made a party to such foreclosure proceedings.

On the 1st day of December, 1890, Elgin D. Walrath, in consideration of one dollar to him paid, quitclaimed all his interest in said premises to the said John Noon and to his wife, Ann Noon, as such husband and wife and to the survivor of them.

The said Ann Noon departed this life on the 3d day of April, 1892, in said county, leaving no descendant, but leaving her said husband, John Noon, her surviving, and on the 9th day of April, 1892, letters of administration on her estate were duly granted to John Noon and Winfield Scott Siver, who duly qualified as such administrators. They, as such administrators, duly assigned the said mortgage to the said John Noon, individually.

Default being made in the payment of the moneys secured by said mortgage, this action is brought by the plaintiff, as executor of the last will of said John Noon, now deceased, against George H. Dennis, a subsequent grantee of said premises, and his wife, for the foreclosure of such mortgage.

The complaint further alleges and the plaintiff contends that by virtue of the assignment of the mortgage in question, executed by John Noon and Winfield Scott Siver, as administrators of the estate of Ann Noon, to John Noon, individually, as well as by virtue of his marital relations and also by law, because of the failure to serve notice of the foreclosure on Annie Walsh, the then owner of the premises, or of the equity of redemption

County Court, Madison County, May, 1902. [Vol. 38.

therein, the said John Noon was at the time of his death the owner of the mortgage in question and that the same passed to the plaintiff in his representative capacity under the will of the said John Noon and that the plaintiff can foreclose such mortgage.

The defendants interpose an answer to the complaint herein, in and by which they do not put in issue any of the allegations of the complaint, but they interpose the following as new matter as a defense, to-wit:

That on or about November 6, 1889, and subsequent to the execution of the mortgage, the said John Noon, mortgagor, conveyed by deed the said mortgaged premises to Annie Walsh, and which deed contained the following covenants or agreements:

" Reserving the possession, income and use of the said premises for and during the term of the life of the party of the first part, the party of the second part covenants and agrees to and with the party of the first part that she will defray his funeral expenses and pay the annual taxes on said lands during the life of the party of the first part. Nothing herein shall prevent the party of the second part from buying the mortgage, which is a lien on the premises herein conveyed, and holding the same in all respects as if this conveyance had not been made. The party of the first part agrees that his right of the possession and use of the premises herein reserved shall be subject to these conditions and qualifications, to-wit: The party of the second part shall have the right to live on said premises at any and all times at her option and pleasure, and the party of the second part is not to sell, convey or assign the interest in said premises reserved herein; and further, if for any cause the party of the first part shall not occupy said premises then the party of the second part shall be entitled to occupy the same and have and reserve all the income therefrom, with the appurtenances and all the estate, title and interest therein of the said party of the first part, and the said John Noon, party of the first part, does hereby covenant and agree to and with the said party of the second part, her heirs and assigns, that the premises thus conveyed in the quiet and peaceable possession of the said party of the second part, her heirs and assigns, he will forever warrant and defend against any person whomsoever lawfully claiming the same or any part thereof."

The answer also alleges that on the 30th day of September, 1896, Annie Walsh, by quitclaim deed, with covenant against her

acts, conveyed the said premises to William H. Slaven; that, on the 23d day of July, 1897, the said Slaven conveyed the said premises to the defendant, George H. Dennis, which deed contains the following recital:  " There appears upon the record an apparent lien by mortgage on the premises hereby conveyed, which mortgage is recorded in the clerk's office of Madison county, March 11th, 1886, in Liber 94 of Mortgages, at page 418.   This mortgage is believed to be dead and extinguished in law.   The party of the second part agrees to make an effort to obtain the cancellation of said mortgage, and in the event of his doing so, to pay Annie Walsh the sum of $80.00, less all disbursements, costs and charges that he may pay to procure said mortgage to be canceled of record."

This refers to the mortgage in question.

Such deed also contains the usual covenant for quiet and peaceable possession.

The answer further alleges that the defendant, George H. Dennis, is the owner and in possession of said premises, deriving his title through the three deeds before mentioned.

The answer demands judgment that it be adjudged that the defendants are privies of Annie Walsh, and that the covenant of the said John Noon, contained in his deed to Annie Walsh, estops the plaintiff from maintaining this action; that the mortgage be canceled of record and the complaint dismissed, and that the defendants have such other and further relief as may be just.

The plaintiff demurs to the answer on the ground that it is insufficient in law upon the face thereof.

Charles Kellogg, for demurrer.

Daniel S. Webber, opposed.

SMITH, J.   By the answer interposed, it appears that the deed from John Noon to Annie Walsh was recorded in the clerk's office of Madison county, on November 12, 1889; hence, it was on record when Ann Noon, as assignee of the mortgage in question, on September 5, 1890, instituted proceedings for its foreclosure; therefore, under section 2389 of the Code of Civil Procedure, notice of the sale should have been served upon the said Annie Walsh, as a subsequent grantee of the property.

The section referred to provides that service of the notice of the sale must be made as follows: " Upon the mortgagor, his wife, widow, executor, or administrator, or a subsequent grantee of the property, whose conveyance is upon record, or his wife or widow," etc.   A copy of the notice of sale must be served Cole v. Moffitt, 20 Barb. 18; St. John v. Bumpstead, 17 id. 100. upon the mortgagor, if he is living, or upon his personal representative, if dead; otherwise, there can be no valid foreclosure. Notice is required to be served upon a subsequent grantee whose conveyance shall be upon record at the time of the first publication of the notice.   Groff v. Morehouse, 51 N. Y. 503.

The attempted foreclosure was void by reason of failure to serve the notice of sale on Annie Walsh, the then grantee of the premises.   The foreclosure and sale being void left the purchaser Walrath to stand as the assignee and owner of the mortgage. Robinson v. Ryan, 25 N. Y. 320; Jackson v. Bowen, 8 Cow. 13.

In Robinson v. Ryan, above referred to, the Court of Appeals held that the purchaser at a mortgage sale under an attempted statutory foreclosure, void as against the mortgagor for want of notice, stands as an assignee of the mortgage.   And, in Jackson v. Bowen, above referred to, it was held that a conveyance by a mortgagee as under a statute foreclosure, if the proceedings to foreclose were irregular, operated as a good assignment of the mortgage, and the purchaser might claim as assignee of the mortgage.

By the conveyance of December 1, 1890, from Elgin D. Walrath to John Noon and Ann Noon, his wife, as husband and wife, and to the survivor of them, made at the request of Ann Noon, the said John and Ann Noon acquired the title of Walrath to the mortgage in question; that conveyance operated as a transfer of the title to the mortgage acquired by Walrath by the operation of law under the void foreclosure proceedings, and upon the death of Ann Noon without descendants, her husband, John Noon, as survivor, acquired the sole title which he and his deceased wife had acquired from Walrath.

The assignment of the mortgage in question subsequently executed to John Noon by the administrators of the estate of his deceased wife, Ann Noon, perfected the record title in the mortgage in question in the said John Noon; such an assignment was not necessary to actually vest the title of that mortgage in him

as it had become his property by the operation of law and by virtue of the deed from Walrath to him and his wife by which the survivor would take the title and interest thus conveyed, but the assignment of the mortgage by the administrators of John Noon perfected the record title.

Thus it will be seen that John Noon, by virtue of the conveyance of Walrath to him and Ann Noon of the interest which he had to this property and which was that of assignee of the mortgage under the void mortgage foreclosure, and by virtue of the assignment of the administrators of Ann Noon to him (John Noon), was the owner of the mortgage in question at the time of his death, and the same passed to the plaintiff as executor of his will.

Such being the case, the plaintiff can maintain this action, and the answer does not set up a defense, unless, by virtue of the conveyance from John Noon, plaintiff's testator, and the mortgagor of the mortgage in question, given on the 6th day of November, 1889, nearly five years after giving the mortgage in question, and under the recitals and covenants therein, John Noon would be estopped from enforcing the said mortgage, and unless the plaintiff is thus estopped.

It will be observed that by such deed John Noon reserved the possession, income and use of the mortgaged premises for and during the term of his natural life, subject to the right of the grantee to live on the said premises at any and all times, at her pleasure. And further, if for any cause the grantor should not occupy the premises, the grantee had the right to occupy the same, and to receive all the income therefrom; but the party of the second part was restricted from conveying or assigning the interest in the premises thus reserved therein. The only covenant on the part of the grantor in said deed is one for quiet and peaceable possession on the part of the grantee to the premises conveyed.

That deed contains the following recital: "Nothing herein shall prevent the party of the second part from buying the mortgage which is a lien upon the premises hereby conveyed and holding the same in all respects as if this conveyance had not been made." It is understood that the mortgage therein referred to is the mortgage in question. This deed is made a part of the answer. The foregoing statement, in that deed, is a recital. The

term recital, as used in the law of estoppel, applies to all material statement of fact contained in the instrument. Big. on Estop. (4th Ed.) 354; 7 Am. & Eng. Ency. of Law, 7. This recital, which states that the mortgage is a lien on the premises conveyed by the deed, is what the law defines "a particular recital." A particular recital states some fact definitely. Calkins v. Copley, 29 Minn. 471; Sutton v. Casselleggi, 5 Mo. App. 111; 7 Am. & Eng. Ency. of Law, 7. Particular and definite recitals are conclusive evidence of the material facts stated. 7 Am. & Eng. Ency. of Law, 7. It is well settled that the recital in a deed that a mortgage is a lien on land estops the grantee to deny it. Johnson v. Thompson, 129 Mass. 398; Kennedy v. Brown, 61 Ala. 296; Smith v. Graham, 34 Mich. 302; Parkinson v. Sherman, 74 N. Y. 88; Freeman v. Auld, 44 id. 50; Jackson v. Hoffman, 9 Cow. 271; 7 Am. & Eng. Ency. of Law, 7.

In Jackson v. Hoffman, 9 Cow. 271, above referred to, the Court say, "Although the deed also contains a personal covenant of seizin, for quiet enjoyment, and a covenant of general warranty, yet those covenants cannot, I think, be fairly construed as relating to, or embracing the Ellison mortgage, which in a previous part of the deed, had been recited as a subsisting incumbrance upon the premises conveyed," citing 1 Cow. 126.

In the case of Johnson v. Thompson, 129 Mass. 398, before cited, the Court say, "It is a settled principle of law that a grantee is estopped to deny the validity of a mortgage to which his deed recites that the conveyance to him is subject," citing 104 Mass. 249; 98 id. 305.

From the statement contained in the deed to the defendant, George H. Dennis, constituting a part of the answer, it seems that at the time he took the conveyance, he understood that the mortgage in question might be a valid lien upon the premises. The recital in this deed of John Noon, the mortgagor and grantor to Annie Walsh as grantee, that the mortgage is a lien on the premises therein conveyed, is a definite recital, and is conclusive evidence of that fact, as shown by the authorities above cited, and as is also shown by the same authorities, estops the grantee of the land from denying the validity of the mortgage, and also estops the defendant, George H. Dennis, a subsequent grantee, from denying such validity.

The learned counsel for the defendants calls the court's atten-

tion to the case of House v. McCormick, 57 N. Y. 310, which holds that, where a deed contains express covenants of warranty or quiet enjoyment, it operates as an estoppel against a claim of the grantor or his privies to a subsequently acquired estate, as well, where the grantor had a present right or interest which passed at the time of the grant, as when nothing whatever passed. An examination of that case and of the principle therein decided will show that the case is not controlling of the question here under consideration. In that case, the grant was absolute and of the entire estate, while, in this case, the grant from John Noon was really subject to the mortgage in question. The grant expressly states that the mortgage is a valid lien, and the grantee takes the premises, subject to that lien, and the covenant for peaceable possession cannot be extended to or applied as to that mortgage; in other words, that covenant is subject to the mortgage and to the remedies to enforce it.

Covenants are always confined in their interpretation and scope to the very title and interest which the deed purports to convey and never estop the grantor as to any other title or interest subsequently acquired.

The answer, therefore, does not state any defense to the cause of action stated in the complaint.

Therefore the demurrer to the answer should be sustained.

Demurrer sustained.