Matter of the Application of JOHN FOSTER to Have a
Mortgage Discharged of Record.

(Supreme Court, New York Special Term, November, 1920.)

Mortgages — satisfactions — when lost mortgage may be cancelled
of record — Real Property Law, § 322.

Where, upon motion to have a lost mortgage cancelled of
record without the production of a satisfaction piece, it appears
that after the mortgage had been paid in full the mortgagee
died, and that either no satisfaction piece was ever given or
if so that it had been lost, and it further appears that no letters
testamentary or of administration had been issued, and the
only heirs at law and next of kin of the mortgagee consent
and waive the notice prescribed by section 322 of the Real
Property Law, the motion will be granted.

MOTION to discharge mortgage of record.

Perry J. Fuller (Friend L. Tuttle, Jr., of counsel),
for petitioner.

John P. O'Brien, corporation counsel, for the
register of New York county.

HOTCHKISS, J.  The importance of this motion to a
numerous class of cases leads me to state my conclu-
sions at some length.  The petitioner seeks to have a
lost mortgage cancelled of record, without the produc-
tion of a satisfaction piece.  The principal and interest
due have been fully paid, but a satisfaction piece was
never given or has been lost.  The mortgagee has since
died, leaving as his sole heirs at law and next of kin
a daughter and two sons.  No letters testamentary or
of administration have ever been issued.  A previous
application for relief was denied on one or both of the
two grounds: (1) that not all the necessary persons

were parties to the proceeding; (2) that no satisfaction piece was produced. The daughter and the two sons of the mortgagee join in the present proceeding, by consent and waiver of notice, thus eliminating the first ground of objection. The remaining question is whether the impossibility of producing a satisfaction for a mortgage that has been already paid is an insuperable obstacle to relief. . The court's power to act must be found in section 322 of the Real Property Law. Mr. Justice Brady, in *Matter of O'Brien,* N. Y. L. J., May 24, 1915, seems to have held that this section gave authority to dispense with a satisfaction piece only where the mortgage had not been paid at the time of the application and the creditor refused a satisfaction where the mortgage had been paid, the court was powerless to act. Mr. Justice McAvoy, in *Matter of Mendelsohn,* N. Y. L. J., Aug. 17, 1920, seems to have taken the same view. Mr. Justice Greenbaum, in *Galinger* v. *Morrison,* 140 N. Y. Supp. 487, ordered cancellation without satisfaction piece, where the debt had already been paid and the executor of the mortgagee was before the court. From a careful reading of the statute I am impelled to hold that a satisfaction piece may also be dispensed with where the debt has been paid and no executor or administrator has been appointed. Section 322 provides that in certain counties no mortgage shall be discharged of record unless in addition to a satisfaction piece there shall be presented to the recording officer for cancellation the original mortgage. It also provides that where the mortgage has been lost, etc., a court order may take the place of the mortgage, and that: " Eight days' personal notice of the application for such order shall be given to the then present owner of the real estate, * * * the mortgagee, his or their personal representatives, heirs, successors or assigns as the case

may require  *  *  *.'' Further on the section continues: " In case the mortgagee, his personal representatives or assigns, shall not appear in court upon the return day of said notice or order to show cause, or shall refuse or neglect, if present, to give the certificate for discharge above specified, the court may direct the amount due upon said bond and mortgage to be paid to the officer specified by law to hold  court  funds  *.  *  *,'' and provides that the officer's receipt " shall be a substitute for the certificate of discharge above specified." The statute then says: " If in the proceedings had under and in pursuance of this section it shall appear to the satisfaction of the court that the principal sum and interest due upon said mortgage, or the bond accompanying the same has been fully paid, then the said deposit of money hereinabove provided for shall be dispensed with." It would seem to follow by necessary implication that in a case covered by the sentence last quoted, the court officer's receipt (as well as the satisfaction piece) is likewise to be dispensed with. There remains the question whether the present case is one contemplated by this last sentence. The statute provides for notice to the mortgagee or his personal representatives, heirs or assigns. It provides for payment into court of the amount due where " the mortgagee, his personal representatives or assigns " shall not appear in court, or shall fail to give a satisfaction piece, leaving out the word " heirs." It is true that " personal representatives " should be interpreted as meaning executors or administrators, and as not including heirs (*Anderson* v. *Austin,* 34 Barb. 319; *Pitt* v. *Amend,* 84 Hun, 492), but the heirs as such coul: not give a satisfaction piece, hence there would be no object in providing for their neglect or refusal to do so. The statute provides for the deposit of money in

court where any is due, and the giving of a receipt therefor in lieu of a satisfaction piece; and for dispensing with the " said " deposit (and by implication with the receipt and the satisfaction piece) where none is due. Can it be said that by using the words " said deposit " the legislature meant to limit the dispensing clause to a case where the mortgagee or his executors or administrators were before the court, and to exclude a case where the mortgagee was dead, and there were no executors or administrators? So to interpret the statute would be to impute to the legislature an intent to dispense with a satisfaction piece where one could be obtained, but to require it where its production was an impossibility. This would be manifestly absurd. The dispensing clause is as to " proceedings had under and in pursuance of this section," and, it seems to me, was clearly intended to cover a case such as the present.

Motion granted.