Anderson *v.* Austin.

———————◆———————

## ANDERSON *vs.* AUSTIN.

The words " personal representatives," used in the statute relative to the foreclosure of mortgages by advertisement, passed May 7, 1844, requiring the notice to be served upon the mortgagor or his personal representatives, means " executors or administrators," and not heirs or devisees.

Where there is no personal representative to be served with notice, that provision of the statute is inoperative, and the foreclosure will be good if conducted in the mode otherwise prescribed in the statute.

Where mortgaged premises consist of two or more parcels which had previously been held, used and conveyed together, as one farm, a sale of the whole in one parcel is good.

THIS action was brought by the plaintiff as the assignee of George H. Swords, on the covenant of seisin contained in a deed, dated March 26th, 1853, executed by the defendant Austin to Swords, conveying an undivided half of two pieces of land (composing one farm) in the town of Mount Pleasant, in the county of Westchester. On the 4th of August, 1840, Richard Austin, who then owned the whole of the farm in question, conveyed the same to William Bull in

fee, by warranty deed, duly executed and recorded. At the same time Bull executed and delivered to Austin a mortgage for $7702.18, to secure the purchase money of the premises, which was duly recorded August 17th, 1840. William Bull died April 15th, 1845, at Sing-Sing; his wife having died before him. He died intestate. On September 1st, 1847, Ann Hunt, a daughter of William Bull, was appointed his administratrix by the surrogate of Westchester county; Isaac Weeks being joined with her at her request. Up to this date no administrator had ever been appointed of the estate of William Bull. William Bull left him surviving four children, viz: Ann, Frances, Mary and Ellen. Ellen died under age, intestate and unmarried. On the 19th day of January, 1846, the said mortgaged premises were sold under a statute foreclosure of said R. Austin's mortgage, and were bought in by the mortgagee for $9100, and the original mortgage, notice of sale and affidavits, were duly recorded February 2d, 1846. The heirs of Bull were in possession of the premises at the time of the sale, and so continued until April, 1846, when they removed; and then Richard Austin took possession and held it till he died, in September or October, 1847. By his will, dated May 26th, 1847, said Richard Austin devised the premises to his grandson Richard Austin, and to his nephew Henry Austin, the defendant in this action. Said devise is contained in the 7th clause of the will, and is a devise of the residue of the real and personal estate of the testator. There being no executor or administrator of William Bull, when the mortgage was foreclosed by Richard Austin, the foreclosure was made by advertising in a newspaper, published in the county of Westchester, for twelve weeks, and by posting on the outer door of White Plains court house, for the same length of time. The cause was tried at the New York circuit, in April, 1859, before Justice EMOTT, without a jury. The plaintiff objected that the foreclosure was insufficient to cut off the right of Bull's heirs to redeem; but the justice at the trial held that the foreclosure

was complete, that the title under it was perfect, and that the defendant was entitled to judgment. The plaintiff excepted; and judgment being perfected, he appealed.

*Geo. W. Stevens,* for the appellant.

*Edward Wells,* for the respondent. .

BY THE COURT. The words "personal representatives," used in the statute respecting the foreclosure of mortgages by advertisement, passed in 1844, (*Laws of* 1844, *chap.* 346, § 2,) means "executors or administrators," and not heirs or devisees.

Where there is no personal representative to be served with notice, that provision of the statute is inoperative, and the foreclosure will be good if conducted in the mode otherwise prescribed in the statute.

When the premises sold consist of two or more parcels which had previously been held, used and conveyed together, as one farm, a sale of the whole in one parcel is good.

Judgment affirmed, with costs.

[NEW YORK GENERAL TERM, May 6, 1861. *Clerke, Sutherland* and *Ingraham,* Justices.]