PETER MEYER, Appellant, v. G. KUECHLER ET AL., Respondents.

May 31, 1881.

A sale of property under a deed of trust for less than its value and the insanity of the owner of the equity of redemption at the date of the sale will not warrant a court of equity in setting aside the sale.

APPEAL from the St. Louis Circuit Court, THAYER, J.
*Affirmed.*
THOROUGHMAN & WARREN, for the appellant.
JOSEPH JECKO, for the respondents.

LEWIS, P. J., delivered the opinion of the court.
In October, 1868, Franz Eulenstein executed a deed of trust conveying the lot described in the petition to Christian Mehl, as trustee to secure the payment of a promissory note for $1,000, in favor of the defendant Kuechler. Eulenstein died in December, 1868, having by last will devised the property to his widow, Caroline Eulenstein, who is the ward of the present plaintiff. In January, 1875, the lot was sold in accordance with the terms of the deed of

trust, and defendant Kucchler became the purchaser for $650. In March, 1875, he sold and conveyed the property to defendant Ludwina Singler, at the price of $1,800. In July, 1875, Caroline Eulenstein was adjudged insane, and the plaintiff was appointed her guardian. The object of this suit is to have the trustee's sale set aside, with a cancellation of the consequent conveyances, and a permission to the plaintiff to redeem the property. The cause was heard by a referee, who reported in favor of the defendants. Defendants' exceptions were overruled, the report was confirmed by the court, and judgment rendered accordingly.

Upon a fair analysis of the testimony before the referee — to say nothing of his conclusions as to disputed facts — there does not appear a shadow of any claim to a recovery on the part of the plaintiff, unless it be in the two propositions that the owner of the equity of redemption was in fact insane, although not so adjudged at the time of the trust sale, and that the property was sold for less than its value.

No authority is referred to, nor can any be shown, to the effect that either or both of these propositions can ever suffice, by their own exclusive force, to disturb a trust-sale made in substantial accordance with the terms and stipulations provided and agreed upon by the parties to the trust. As to the fact that an interested party is insane at the time of the sale, there is no more reason for attaching to it an injurious influence than there is for treating in like manner the circumstances of physical illness, or even death. By statutory provision, a mortgage or deed of trust may not be foreclosed upon the death of the debtor, until after expiration of a certain period. But no one ever supposed that, without such a statute, there would be any obstacle on that account.

The estimates of value placed upon the property by the witnesses ranged from $1,800 to $3,500. The referee considered it worth from $2,000 to $2,500. Comparing with

this estimate the purchase-price of $650, we find no such gross disparity as should shock the moral sense, or suggest manifest fraud or oppression, and demand the interposition of a court of equity. The purchaser in this case, however, was really out of pocket, for his acquisition, about $1,200 ; since nearly that sum was due on the note, and there was no other security or fund to which he could look for any further payment.

The testimony furnishes no aid whatever to the plaintiff, in the way of supposed collusion between the defendants, or any of them, — the use of any means to influence the sale, or prevent a free and fair competition among bidders, — the exercise of an unfair control over the trustee, or the exhibition of any unfairness or partiality on his part, or any departure whatever from the strict line of his duty towards all the parties concerned. Possible sacrifices of values, to greater or less extent, are generally foreseen and understood in mortgage transactions. If their realization, standing alone, should be found sufficient to thwart the creditor's undertaking for the enforcement of his rights, a familiar and useful method of financial interchange and security between men would soon disappear from the range of human affairs.

We think that the judgment of the Circuit Court was right, and that it must be affirmed. All the judges concur.