# SUPREME COURT.

## DINNAN E. MACKENZIE agt. ADAM ALSTER.

*Specific performance — Foreclosure of mortgage by advertisement — Necessity of service of notice. of sale upon mortgagor or his personal representatives.*

In an action for specific performance of a contract of sale of real property, the plaintiff's title to the premises being through a foreclosure of a mortgage by advertisement ; the mortgagor was not served with the notice, but died pending the proceedings, leaving a widow and one child. The widow was served with the notice. No administrators of decedent's estate was appointed.

*Held,* that the title tendered by the plaintiff is not such as a court of equity ought to compel the defendant to accept.

The death of the mortgagor and the non-appointment · of an administrator does not render the service of a notice of sale unnecessary. The court has no power to dispense with a positive provision of a statute.

*Special Term, December,* 1882.

THIS action was brought for a specific performance of a contract of sale of real property.

Plaintiff's title to the premises was through a foreclosure of a mortgage therein, by advertisement.

The mortgagor was not served with the notice, but died pending the proceedings, leaving a widow and one child. The widow was served with the notice. No administrator of decedent's estate was appointed. The defendant rejected the title because neither the mortgagor· or the personal representatives were served with the notice.

*Barney & Conman,* for plaintiff.

*John H. Clayton,* for defendant.

GILBERT, *J.* — The question to be decided is whether the title tendered by the plaintiff is such as a court of equity ought to compel the defendant to accept. That title is derived from the foreclosure of a mortgage made by one

Fitzpatrick, by virtue of the statute regulating the proceedings to foreclose mortgages by advertisement (*R. S.*, 545). Fitzpatrick died while these proceedings were pending, intestate, and no administrator of his estate has been appointed, no notice of the foreclosure of the mortgage by a sale of the mortgaged premises was served upon Fitzpatrick. These principles are well settled.

*First.* That the mortgage, together with the power of sale contained in it, constitute a security merely. The mortgagor continued to be the owner of the estate mortgaged (*Thos. on Mortgages*, 15 ; *R. S.*, 738, *sec.* 133).

*Second.* That the power of sale could be executed only by a strict compliance with all the provisions of the statute cited (*Lawrence* agt. *Farmers' Loan and Trust Co.*, 13 *N. Y.*, 200, 211; *Mowry* agt. *Sanborn*, 68 *N. Y.*, 153, 161; *Arnot* agt. *McClure*, 4 *Den.*, 41; *Cohoes Co.* agt. *Gaf.*, 13 *Barb.*, 137; *Lyman* agt. *Whitney*, 20 *id.*, 559 ; *Bryan* agt. *Butts*, 27 *id.*, 503).

*Third.* That the requirements of the statute are conditions precedent to a valid sale under the power and have the same effect as if they had been inserted in the mortgage (68 *N. Y.*, 153).

*Fourth.* That when the vesting of an estate depends upon the performance of conditions precedent it cannot vest unless the conditions are performed.

The condition precedent omitted in this case was the service of the notice of sale upon "the mortgagor or his personal representatives." The mortgagor left a widow and one child only one year old. No administrator of his estate having been appointed, it is insisted that the provision of the statute respecting notice to the mortgagor or his personal representative became inoperative. It was so held in *Anderson* agt. *Austin* (34 *Barb.*, 319). No reasons were assigned for that doctrine, and it seems to me to be utterly irreconcilable with the authorities cited and with general principles of universal application. If for any cause a party cannot avail himself of

a legal remedy provided by statute, he must either forego the remedy or remove his disability. Statutes cannot be abrogated because parties are unable to comply with the provisions of them. In this case, however, there existed no insuperable difficulty in complying with the statute. It was conceded on the argument by both parties that executors and administrators, not heirs or devisees, are the personal representatives of a mortgagor within the meaning of the statute referred to. The provisions of the statute (1 *R. S.*, 749, *sec.* 4), imposing upon an heir or devisee the duty of paying a mortgage upon land which has descended or passed to him would seem to render such heir or devisee a fitter representative of a deceased mortgagor, with respect to proceedings to foreclose the mortgage, than are executor and administrator. But taking the concession as correct, all that is necessary for a mortgagor to do is to take the requisite steps to have an administrator appointed or wait until some one who has a prior right to letters of administration shall have done so, or to set in motion the public administrator resort to a court of equity for the foreclosure of his mortgage merely. The court has no power to dispense with a positive provision of a statute. If it can with one it may with all. If the death of the mortgagor and the non-appointment of an administrator renders the service of a notice of sale unnecessary, the non-existence of a newspaper in the county would render unnecessary the publication of an advertisement of sale. Thus the provisions of the statute might be frittered away. I do not believe that the power to produce such results exists.

The complaint must therefore be dismissed, with costs, unless the defendant consents to have the case stand over for the purpose of making a good title.