NEWTON R. BOND, RESPONDENT, *v.* JULIA A. BOND, INDIVIDUALLY, AND JULIA A. BOND, AS EXECUTRIX OF THE LAST WILL AND TESTAMENT OF JULIA A. GOOLD, EMILY M. FINN AND SIDNEY H. FINN, HER HUSBAND, APPELLANTS.

*Foreclosure of a mortgage by advertisement, under chapter 346 of 1844, requiring a notice to be served upon the personal representative of a deceased mortgagor — where there are none the foreclosure is valid against those upon whom service was made.*

Upon the trial of an action, brought to foreclose a mortgage given by Augustus A. Goold and Julia A., his wife, on September 2, 1885, to the plaintiff to secure a debt of Augustus, it was found by the referee that, on January, 1878, Mary Home died intestate, seized of the premises described in the mortgage; that, whatever title Augustus G. Goold had to the premises described in the mortgage he acquired by virtue of a sale in proceedings for the foreclosure, by advertisement, of a mortgage made by Mary Home; that, at the time of such statutory foreclosure, Mary Home was dead, and that no copy of a notice that such mort gage would be foreclosed was served upon her personal representatives.

Upon an appeal by the defendants from a judgment affirming the validity of the title acquired by Augustus G. Goold at such sale, the evidence given on the trial not forming a part of the record:

*Held,* that the court would assume the truth of the findings of fact returned, and such other facts, not in conflict with the facts found, as might be necessary to uphold the judgment.

*Gardiner* v. *Schwab* (110 N. Y., 650) followed.

That, as the validity of the statutory foreclosure was assailed by the appellants, because it was affirmatively found that no copy of a notice that the mortgage would be foreclosed was served upon the personal representatives of Mary Home, deceased, the court would assume that she had no personal representatives, and that notice was served upon the other parties in interest.

That where there are no personal representatives of the deceased mortgagor the foreclosure is, nevertheless, valid against those upon whom service is made.

*King* v. *Duntz* (11 Barb., 191); *Anderson* v. *Austin* (34 id., 319); *Cole* v. *Moffitt* (20 id., 19); *Hubbell* v. *Sibley* (5 Lans., 51); *Van Schaack* v. *Saunders* (32 Hun, 515) followed; *Mackenzie* v. *Alster* (64 How. Pr., 388) not followed.

That the spirit of chapter 346 of 1844, providing that such notice should be served, is that notice shall be given to those whose interests are to be affected, and that though its letter be not observed the spirit of the statute is respected by service upon the parties in interest.

APPEAL by the defendant Emily M. Finn from a judgment of foreclosure of the County Court of Albany county, which was entered in the office of the clerk of Albany county on May 29, 1888, upon the report of a referee before whom the issues in this case were tried.

The issues were tried before a referee, and this appeal rests upon his findings; the evidence given upon the trial not forming part of the record. The complaint was in the usual form to foreclose a mortgage given by Augustus G. Goold and Julia, his wife, to the plaintiff, to recover a debt of the former September 2, 1885. It alleged that Augustus G. Goold died intestate July 6, 1887, leaving his daughters, the defendants Emily M. Finn and Julia A. Bond, his only heirs and next of kin. That Julia A. Goold, wife of Augustus, died January, 1887, leaving a will, which was admitted to probate, whereby the defendants Emily M. Finn and Julia A. Bond were made sole legatees and Julia A. Bond executrix.

The complaint further alleged that the defendant Emily M. Finn claimed an interest in the premises which, if any, had accrued subsequent to the lien of the mortgage. The defendant answered, among other things, that neither of the mortgagors, Augustus G. Goold nor Julia, his wife, had any title or interest in the premises when they made the mortgage, and none since ; and that the defendant Emily M. Finn is the owner of an undivided one-eighth part thereof. The referee found that the evidence did not establish any right or title of the defendant in the premises prior to the lien of the mortgage, and that if she had any right or title it was subsequent thereto ; and that whatever right or title she may have had in the premises at the execution of the mortgage constitutes no defense to the action for foreclosure. The referee, at the request of the defendant, found that in January, 1878, Mary Home died intestate,

seized of the premises in question as the owner thereof, leaving Julia A. Goold and Anna Hallenbeck her sole heirs-at-law. That Julia A. Goold died January 10, 1887, leaving a last will and testament, which was duly admitted to probate, whereby the defendant Emily M. Finn and Julia A. Bond were made her sole legatees and devisees. That whatever title Augustus G. Goold had to the premises, described in the complaint, at the time he made the mortgage in question, was by virtue of a statutory foreclosure by advertisement of a mortgage made by Mary Home to secure the payment of $1,000. That at the time of such statutory foreclosure Mary Home was dead, and that no copy of a notice that such mortgage would be foreclosed was served upon her personal representatives.

*W. Frothingham*, for the appellants.

*D. C. Herrick*, for the respondent.

LANDON, J. :

The defendant Emily M. Finn, as one of the devisees of Julia A. Goold, who died in January, 1887, became the owner of an undivided part of the mortgaged premises, unless the interest of Julia A. Goold, was cut off by the statutory foreclosure by advertisement and sale under the mortgage made by Mary Home, who died intestate, seized, and owner of the premises in January, 1878, leaving Julia A. Goold one of her heirs-at-law.

As the evidence given on the trial is not returned in the record, we assume the truth of the findings of fact returned and such other facts as may be necessary to uphold the judgment, not in conflict with the facts found. (*Gardiner* v. *Schwab*, 110 N. Y., 650.) The validity of the statutory foreclosure is assailed by the defendant because it is affirmatively found that no copy of notice that the mortgage would be foreclosed was served upon the personal representatives of Mary Home, deceased. We may assume that she had no personal representatives, and also that such copy of notice was duly served upon Julia A. Goold. The foreclosure was under the statute and prior to section 2388 of the Code of Civil Procedure. The statute (Laws 1844, chap. 346 ; 3 R. S. [5th ed.], 860) provides that notice that such mortgage will be foreclosed shall be given. " 3. By serving a copy of such notice at least fourteen days prior to

the time therein specified for the sale, upon the mortgagor or his personal representatives, and upon the subsequent grantees," etc. The weight of authority, if such weight may be determined by comparison of the number of cases, is to the effect that where there are no personal representatives of the deceased mortgagor, the foreclosure is, nevertheless, valid against those upon whom service is made. (*King* v. *Duntz*, 11 Barb., 191; *Anderson* v. *Austin*, 34 id., 319; *Cole* v. *Moffit*, 20 id., 19; *Hubbell* v. *Sibley*, 5 Lans., 51; *Van Schaack* v. *Saunders*, 32 Hun, 515.) The case of *Mackenzie* v. *Alster* (64 How. Pr., 388) is the other way. It is a strong presentation of the doctrine, that unless the statutory condition precedent to a sale is complied with the sale is invalid. The latter case may be said to be the logical deduction from the literal terms of the statute, the former cases to be such reasonable construction as is adapted to the situation and promotive of justice. Why should the heir, who is served and thereby is enabled to protect his interests, be heard to complain in behalf of non-existent personal representatives? The spirit of the statute is, that notice shall be given to those whose interests are to be affected. The spirit of the statute is respected, though its letter be not observed, by service upon parties in interest. The letter killeth but the spirit maketh alive, hence we conclude to follow the more numerous company of authorities. Mrs. Goold, therefore, was foreclosed, and hence the defendant took no title to the premises under her will. The discretion of the court below respecting costs was not improperly exercised.

The judgment should be affirmed, with costs.

LEARNED, P. J.; INGALLS, J., concurred.

Judgment affirmed, with costs.,