Barnard, P. J.
—The title to the property in question was in Samuel B. Wilmott. In April, 1855, Wilmott executed a mortgage thereon to Lawrence Seaman, Jr. The mortgage contained the power of sale. Isaac Willetts purchased the mortgage in March, • 1869. In April, 1869, Willetts commenced a foreclosure by advertisement under the Revised Statutes, 2 R. S., 545, as amended by chap. 346, Laws of 1844. Wilmott died in 1861, leaving a will and devising his lands to his executor to sell and distribute among the children of testator’s brother. One of the executors only qualified and he died in 1862, and no administrator with the will annexed was ever appointed. Wilmott left one child only, a son ■of full age. By the amendment of 1844, in case of death of mortgagor the notice of sale was required to be served on the personal representatives. The sale of the mortgaged lands was made without the service of such notice and the plaintiff’s predecessor in title obtained a deed in July, 1869, under the sale. 'The plaintiff and Bis grantors have been in possession claiming title since that time. The defendant agreed to buy the same and the question is whether the title is a merchantable one. There are two general term decisions bearing upon the question.
Anderson v. Austin, 34 Barb., 319, holds that where there was no executor or administrator the foreclosure was.good if conducted in the mode otherwise prescribed by statute. The point was directly involved, for the judge (Emott) held at circuit that the rights of all parties were cut off.
King v. Duntz, 11 Barb., 191, and Cole v. Moffitt, 20 id., 18, seem to support this view of the statute. The case of Bond v. Finn, 51 Hun, 507; 21 St. Rep., 682, upholds the same view. Notice of salé in this case was served on certain persons other than the personal representative of a deceased mortgagor and the sale was held good as to this person. The statute as to foreclosure by advertisement was fully observed and it was not the fault of the mortgagee if those interested in the estate did not have personal representatives appointed to succeed the deceased executor. Tbe judgment should therefore be that the defendant takes the title.
Dykman, J., concurs; Cullen, J., not sitting.